NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 12 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LI CHEN, | No.   17-70385 |
| Petitioner, | Agency No. A201-189-651 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2022[**]
Pasadena, California

Before:  MURGUIA, Chief Judge, and GRABER and BEA, Circuit Judges.

Petitioner Li Chen, a native and citizen of China, seeks review of the order of

the Board of Immigration Appeals (BIA) that denied his applications for asylum,

withholding of removal, and relief under the Convention Against Torture (CAT).

Because the parties are familiar with the facts, we do not recount them here except

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

as necessary to provide context for our ruling. We review legal questions de novo and the agency's factual findings for substantial evidence. *See Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

The agency rejected Chen's asylum claim for several reasons: 1) Chen was not credible because of his vague and inconsistent testimony; 2) Chen established no past persecution because his claimed treatment by Chinese law enforcement was insufficiently severe; and 3) Chen's fear of future persecution was not objectively reasonable, in part because no evidence establishes that his friend Mr. Shen, who allegedly was with him when they were detained and beaten after being found with a car full of books about Christianity, has suffered any further harm by Chinese law enforcement. Substantial evidence supports each of these determinations.

As to credibility, the agency properly considered the "level of detail of [Chen's] testimony to assess [his] credibility." *Ling Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010)). Here, Chen's testimony was "not so thorough and comprehensive as to compel" the finding that the agency erred in finding him not credible. *Id.* As to past persecution, we have previously denied a petition for review in similar circumstances. *See Gu v. Gonzales*, 454 F.3d 1014, 1017, 1018, 1021 (9th Cir. 2006) (denying a petition for review where the BIA found no past persecution when the

2

petitioner was "detained at a police station for three days" and "beaten" "with a rod approximately ten times," but "required no medical treatment"). As to future persecution, no evidence establishes that Shen has suffered any further harm by Chinese law enforcement. We have previously explained that when a "similarly situated" person resides in the "alleged zone of danger" without suffering harm, it supports the BIA's finding that there is not a well-founded fear of future persecution. *Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir.1996).

Because we affirm the agency's determination that Chen failed to establish eligibility for asylum, we also affirm the denial of Chen's application for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Last, to be eligible for CAT relief, Chen must show that he will, more likely than not, be tortured with the consent or acquiescence of a public official if removed to his native country. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Substantial evidence supports the agency's ruling that Chen did not establish eligibility for CAT relief.

Petition for review **DENIED**.